IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **BRANDIE CUNNINGHAM,** § | CIVIL ACTION NO. 6:19-cv-00018 |
| Plaintiff § | |
| § | |
| v. § | |
| § | |
| **WOOD COUNTY** § | |
| **and THOMAS CASTLOO;** § | |
| **in his individual capacity** § | |
| Defendants § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW PLAINTIFF Brandie Cunningham and brings this action against Defendants Wood County ("Wood County") and Thomas Castloo, in his individual capacity ("Castloo") pursuant to 42 U.S.C. § 1983 for violation of her right to free speech and other claims and would show this Court as follows:

### I.   PARTIES

1. Plaintiff is a former deputy sheriff for Wood County and individual residing in Wood County.

2. Defendant Thomas Castloo is named individually and his official capacity as Sheriff for Wood County and may be served at his place of business 402 S. Stephens St. Quitman, Texas 75783.

3. Defendant Wood County is a governmental entity and may be served care of Bryan Jeanes, County Judge, 100 S. Main Street, Quitman, Texas 75783.

### II.   JURISDICTION

4. Defendants Castloo and Wood County have systemic and continuous contacts with the State of Texas and Wood County, Texas. Therefore, this Court has general jurisdiction over Defendants Castloo and Wood County for all matters in which Defendants are a party and specific jurisdiction over Defendant Castloo for the claims raised in this civil action. In sum, this Court has personal jurisdiction over the parties in this action.

5. Federal question jurisdiction is invoked in accordance with 28 U.S.C. § 1331 as this controversy arises under "the constitution, laws or treaties of the United States," specifically,

the claims arise under 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution.

## III. VENUE

6. Venue is proper in this District and Division pursuant to 28 U.S.C. 1391(b).

## IV. FACTS

7. Brandie Cunningham is a resident of Wood County and was employed as a Wood County Deputy Sheriff on April 7, 2016. Her commission was renewed by Defendant Castloo when he took office on January 1, 2017. She was terminated by Defendant Castloo on January 22, 2017, in violation of her rights to free speech under the First Amendment. In the days immediately prior to her termination, Cunningham made a good faith complaint to Sheriff Castloo that a fellow Wood County Employee, David McGee, had submitted an altered or falsified form as part of his application for employment to Hopkins County where Cunningham and McGee had been previously employed. Rather than conducting an investigation into Cunningham's complaint, Defendant Castloo instead threatened and intimidated Cunningham regarding her statement, demanding she tell Castloo everyone to whom she had relayed her concern. At the same time, Castloo began investigating Cunningham without providing her notice of the investigation.

8. On January 21, 2017, Defendant Castloo ordered Chief Deputy Sheriff Bobby Sanders to terminate Cunningham. Sanders, also an employee of Wood County, did so on January 22, 2017. Neither Defendant Castloo, Sanders nor any other employee of Wood County provided Cunningham with a signed, written complaint detailing any allegations or policy violations against Cunningham as required by Texas Government Code 614. Likewise, Cunningham was deprived of an opportunity to respond to the allegations or an opportunity to request or attend a name-clearing hearing prior to her termination. In summary fashion, Cunningham was terminated in retaliation for her good-faith report of illegal conduct by David McGee.

9. Prior to her employment with Wood County, Cunningham was in the United States Army where she served as a mental health technician. In this active duty role, Cunningham regularly viewed and worked with discharge forms known colloquially as "DD-214" forms. These forms list, among other information, the date and reason for discharge for military personnel.

10. After an honorable discharge and while working to become a licensed peace officer, Cunningham worked as a jailer for Hopkins County, which neighbors Wood County. While employed by Hopkins County, Cunningham was asked by her supervisor, Hopkins County Sgt. Paul Fenimore to review the "DD-214" form provided by David McGee as part of his application for employment to Hopkins County. Cunningham reviewed the form and observed part of the discharge code, and location of the explanation for discharge on Deputy McGee's form was irregular based upon her knowledge, training and experience in working with these

forms. As a result, Cunningham Sgt. Fenimore of her good-faith belief that McGee's form had been illegally altered.

11. In April, 2016, Cunningham, having now completed her peace-officer's certification, accepted employment with Wood County as a Deputy Sheriff. As in Hopkins County, Cunningham was required to provide a copy of her DD-214, showing her honorable discharge from the military, with her application for employment. Shortly after becoming employed by Wood County, on April 7, 2016, Cunningham was made aware that David McGee had also left Hopkins County and was now employed by Wood County as the Captain in charge of the Wood County Jail. Based on her own experience and training, Cunningham believed she had a duty as a law enforcement officer to report her belief that Mr. McGee had likely altered his military discharge record. Because it was a military record Cunningham believed had been altered, she began researching how to bring a federal complaint against McGee and eventually disclosed her concern to her direct chain-of-command, but as far as she knew no investigation was ever undertaken and McGee was not disciplined related to her complaint.

12. On January 1, 2017, Thomas Castloo assumed the office of Sheriff for Wood County and recommissioned Cunningham as a deputy sheriff on January 1, 2017. At the time of re-commissioning, Cunningham had no disciplinary action on her record. On January 18, 2017, Cunningham renewed her allegation that McGee had altered a governmental document and submitted a false DD-214 by making a good faith report to Investigator Tony Crouse, again seeking guidance on how to submit the complaint to the appropriate agency for investigation. In response to his conversation with Cunningham, Crouse instructed Cunningham that she should relay her concern directly to Sheriff Castloo as both the new head of the agency and McGee's direct supervisor. Crouse accompanied Cunningham to Castloo's office January 19, 2017, where Cunningham repeated her good-faith belief that McGee had previously altered his employment record and that she was concerned he had submitted a falsified record to Wood County as well. To Cunningham's face, Sheriff Castloo assured her he would investigate this matter. Notably, Castloo did not issue any confidentiality order or otherwise direct her actions. Because she had complied with Investigator Crouse's instruction to proceed and directly make her report o Sheriff Castloo, Cunningham next notified her assigned lieutenant, Lt. William Burge, of her report to the Sheriff so that her chain-of-command would be aware of her report and contact with Castloo. Lt. Burge advised Cunningham to speak with her assigned Captain Robert Holland about the allegation and she also later notified her Sergeant of the report as well, so that Cunningham's full chain of command was aware of the report and allegation of illegal conduct by McGee. No one in the chain of command reprimanded Cunningham or accused her of acting improperly or going outside of the chain of command in making her report to Castloo.

13. That same day, January 19, 2017, during shift change report, Cunningham, assuming Castloo was performing an investigation into her allegations as he had stated he would do, spoke with Deputy Sheriff Justin Bowring about her report to Castloo. Cunningham relayed that she had made a report to Castloo about McGee so Bowring could locate her in case she was needed

back at the department. Unbeknown to Cunningham, Bowring in turn notified McGee of Cunningham's complaint.

14. The next day, January 20, 2017, Cunningham received a text message from Captain Holland advising her she was scheduled to meet with Sheriff Castloo at 1:30 p.m. that day. Cunningham believed the meeting would be about Castloo's investigation of her complaint. When Cunningham arrived for her meeting, she was met by Castloo and Chief Deputy Bobby Sanders. Castloo began yelling at Cunningham demanding to know to whom Cunningham had repeated her allegation and telling her that her job was on the line. Although she was taken aback by Castloo's demands and threats, Cunningham advised Castloo she had told the prior administration, but that Sheriff Brown had declined to investigate her allegation and that following her meeting with Castloo, she had informed her chain of command of her meeting. Sheriff Castloo continued his threats, stating if Cunningham lied about to whom she had relayed her report of illegal conduct, he would fire her on the spot. He also alleged Cunningham reported McGee's actions because of personal animus for McGee. She denied this allegation.

15. Cunningham was dismissed to return to duty where she completed her shift for the day. During her shift, Cunningham remembered that in addition to her chain of command, she had also advised Deputy Bowring of her allegation so that she could be located in the event of a question about the allegation. Cunningham attempted to notify Sheriff Castloo via Captain Holland of her conversation with Bowring before the end of her shift. Captain Holland did not return her message.

16. That evening, Lt. Burge called her and directed her not to start her shift at 6 a.m. on Monday, January 23, 2017, but instead to report to the administrative offices at 9 a.m. and she would speak with Sheriff Castloo at that time. Again, Cunningham believed this meeting was in reference to her attempts to clarify her response to Castloo and notify him of her conversation with Justin Bowring, whom she had inadvertently forgotten. However, when Cunningham arrived on January 23, 2017, she was ushered into a meeting with Chief Deputy Bobby Sanders, Captain Holland and Lt. Burge. At the direction of Castloo, Sanders terminated Cunningham. She was verbally apprised she was terminated for failure to follow her chain of command by including Deputy Bowring in her report, and despite her earlier attempt to contact the Sheriff through Captain Holland, Sanders alleged she lied in omitting Bowring from the list of names she had reported. Sanders also alleged Cunningham had failed to tell Castloo and Sanders a previous report to Sheriff Brown and his administration had been made, despite Cunningham's response to Castloo's earlier demands. No written complaint of these allegations or the basis for her termination was ever provided to Cunningham. Nor was Cunningham afforded any opportunity to request a name-clearing hearing or respond to Sanders's allegations.

17. After being terminated, Cunningham received her F5 determination and notice she had been discharged dishonorably. She filed her grievance with the Texas Commission on Law Enforcement, timely appealing her discharge determination and filing her grievance as to the manner of discharge, and Wood County's failure to present her with a written complaint of the

grounds for termination. However, this initial determination has prevented Cunningham from obtaining other employment as a law enforcement officer.

18. In making these good faith reports, Cunningham believed Sheriff Brown, previously and Sheriff Castloo and the commissioned officers of Wood County were appropriate law enforcement authorities empowered to investigate such a violation of law, or in the alternative, enforce the law alleged to be violated in the report. This report was reasonable based upon Cunningham's training and experience as a Deputy Sheriff.

19. Five days after Cunningham's termination by Sanders, David McGee was arrested by the Texas Rangers. He was charged and convicted of tampering with a government document by related to the alteration of jail documents. Castloo was responsible for the maintenance and operation of the jail. While the underlying facts surrounding the offense for which McGee was convicted arose from different circumstances, neither Castloo nor Wood County ever contacted Cunningham subsequent to her termination relative to Cunningham's claim, despite having notice of similar actions on the part of McGee.

## V.      Causes of Action

### A.  Count I – First Amendment Constitutional Claim

20. Cunningham repeats and incorporates herein by reference the allegations in paragraphs 1-20 of this Complaint as if fully set forth here.

21. Cunningham was terminated from her position as deputy sheriff for Wood County after she engaged in speech concerning a matter of public concern in which her interest in speaking outweighed Sheriff Castloo's interest in the operation of his department. Specifically, Cunningham advised multiple individuals not employed by Wood County of her concern that deputy sheriff David McGee had submitted altered documents with his application for employment to Hopkins County. Cunningham's speech was not within the scope of her duties to Wood County as a deputy sheriff. Cunningham was terminated from her employment in retaliation for making the claim that Deputy Sheriff McGee had submitted improper or altered documents with his application for employee to Hopkins County. Castloo, while acting under color of law, deprived Cunningham of her right to free speech as guaranteed by the First Amendment to the United States Constitution in violation of 42 U.S.C. §1983.

22. Sheriff Castloo was a final policymaker and, therefore the County officially adopted and promulgated thee decision to terminate Cunningham's employment as a deputy sheriff. As a direct and proximate cause of Castloo's retaliatory actions, Cunningham has suffered damage to her reputation, lost back pay, front pay, real and probably injury to her person, extreme mental anguish, physical suffering, attorneys' fees and other expenses.

23. Claims that Cunningham was terminated for failing to properly utilize her chain of command in making her good faith report or a lack of truthfulness in failing to initially identify Deputy Sheriff Bowring as someone to whom she disclosed her good-faith report are pre-text. Cunningham's termination was in retaliation for her complaint to Sheriff Castloo of wrong-doing by David McGee.

**B. Count II – Fourteenth Amendment Constitutional Claim**

24. Cunningham repeats and incorporates herein by reference the allegations in paragraphs 1-20 of this Complaint as if fully set forth here.

25. Castloo deprived Cunningham of a liberty interest by failing to provide or allow a name clearing hearing.

26. Castloo has denied Cunningham equal protection of the law in violation of the Fourteenth Amendment to the United States Constitution and 42 U.S.C.§1983. This claim arises both directly under 42 U.S.C. §1983 and under the United States Constitution. As a direct and proximate cause of Castloo's actions, Cunningham has suffered damages to her reputation, lost back pay, front pay, real and probably injury to her person, extreme mental anguish, physical suffering, attorneys fees and other expenses.

**C. Count III: Texas Government Code §614.021-023**

27. Defendants failed to provide a written complaint to Cunningham prior to her termination as is required by Tex. Gov't Code §§ 614.021-.023. Section 614.023 provides:

> (a) A copy of a signed complaint against a law enforcement officer of this state or a fire fighter, detention officer, county jailer, or peace officer appointed or employed by a political subdivision of this state shall be given to the officer or employee within a reasonable time after the complaint is filed.
> (b) ***Disciplinary action may not be taken against the officer or employee unless a copy of the signed complaint is given to the officer or employee.***
> (c) In addition to the requirement of Subsection (b), the officer or employee may not be indefinitely suspended or terminated from employment based on the subject matter of the complaint unless:
>     (1) the complaint is investigated; and
>     (2) there is evidence to prove the allegation of misconduct.
>
> TEX. GOV'T CODE § 614.023 (emphasis added).

28. As Cunningham, a commissioned deputy sheriff, was not provided a signed, written complaint in compliance with Chapter 614 of the Government Code, the plain and unambiguous language of this statute demonstrates she was not afforded the process required under the statute. As a result, Cunningham was unable to respond to allegations and has subsequently been unable to obtain alternate employment as a law enforcement officer.

29. As a direct and proximate cause of Castloo's actions, Cunningham has suffered damage to her reputation, lost back pay, front pay, real and probable injury to her person, extreme mental anguish, physical suffering, attorneys' fees and other expenses.

## VI. DECLARATORY RELIEF AND DEMAND FOR JUDGMENT

### A. Incorporation of Allegations

30. Cunningham repeats and incorporates herein by reference the allegations in Sections 1- VII of this Complaint as if fully set forth here and in accordance with Rule 8 of the Federal Rules of Civil Procedure, make the following demand that judgment be issued in her favor on all her claims and respectfully requests this Court:

   1. Issue a declaratory judgment that Castloo unlawfully deprived Cunningham of her right to free speech as guaranteed by the First Amendment to the United States Constitution in violation of 42 U.S.C. §1983;
   2. Issue a declaratory judgment that Castloo unlawfully deprived Cunningham of her right to equal protection as guaranteed by the Fourteenth Amendment to the United States Constitution in violation of 42 USC 1983.
   3. Issue a declaratory judgment that Castloo violation Section 6.14.021-.32 of the Texas Government Code in failing to provide Cunningham with a signed, written complaint prior to termination;
   4. Permanently enjoin Castloo and his agents:
      a.) From infringing upon the freedom of speech of government employees;
      b.) Requiring adherence and observance of the equal opportunity employment policy adopted by Wood County.
      c.) Requiring and Ordering reinstatement of Cunningham to her prior assignment;
      d.) Requiring payment of back pay from the date of termination through the date of reinstatement;
      e.) Requiring elimination of the effects of Castloo's discriminatory employment practices.
      f.) Issue a monetary judgment in an amount sufficient to compensate Cunningham for all damages suffered as a result of Castloo's violations of law as described in this Complaint, including damage to her reputation, lost back pay, front pay, real and probably physical injury to her person, extreme mental anguish and physical suffering;
      g.) Issue judgment for punitive damages in an amount sufficient to punish Castloo in his individual capacity for violating Cunningham's rights guaranteed by the First Amendment to the United States Constitution, and to deter him from engaging in such action in the future;

    h.)    To the greatest extent allowed by law, issue a monetary judgment granting Cunningham pre-judgment and post-judgment interest on all amounts to which she is entitled;

    i.)    Award Cunningham attorney fees and costs;

    j.)    Award such other further legal and equitable relief as may be warranted.

**B.  Jury Trial Requested**

31. Plaintiff requests a jury trial.

## VII.  ATTORNEY'S FEES

32. Plaintiff requests reasonable attorney's fees as permitted under 42 U.S.C. §1988, *et seq.*

33. Plaintiff would show that, as a result of Defendant's wrongful conduct as set forth herein, she is entitled to reasonable and necessary attorney's fees.

## VIII.  PRAYER

**WHEREFORE,** Cunningham seeks that Castloo be cited to appear and answer this Complaint, and that upon hearing or trial of this action, the Court enter judgment in Cunningham's favor as against Castloo and awarding Cunningham all relief, both in equity and at law, special and general, to which she may show herself justly entitled.

Respectfully submitted,

*/s/ Wm. Andrew Messer*
**WM. ANDREW MESSER**
STATE BAR NO. 13472230
andy@txmunicipallaw.com
**MELISSA H. CRANFORD**
STATE BAR NO. 24012805
melissa@txmunicipallaw.com
**MESSER, ROCKEFELLER & FORT, PLLC**
6371 PRESTON RD., SUITE 200
FRISCO, TEXAS 75034
972.668.6400 - TELEPHONE
972.668.6414 - FACSIMILE